IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SMITHKLINE BEECHAM CORPORATION, | : | CIVIL ACTION |
| SMITHKLINE BEECHAM, P.L.C., | : | |
| BEECHAM GROUP, P.L.C. and | : | |
| GLAXOSMITHKLINE, P.L.C. | : | |
| | : | |
| v. | : | |
| | : | |
| APOTEX CORPORATION, APOTEX, INC. | : | |
| and TORPHARM, INC. | : | No. 99-4304 |
| | : | No. 00-4888 |
| v. | : | No. 01-159 |
| | : | No. 01-2169 |
| PENTECH PHARMACEUTICALS, INC. and | : | |
| PAR PHARMACEUTICALS, INC. | : | |

MEMORANDUM

**Baylson, J.**                                                                                                    May 4, 2009

The Court has reviewed the following outstanding Motions to Compel and makes certain preliminary rulings, to be considered further, at the May 7, 2009 conference.

**I.    Apotex's Motion to Compel Documents Re: Requests 592 and 595 - 3/13/09, 3/16/09 (99-4304, Doc. 251; 00-4888, Doc. 199; 01-0159, Doc. 195; 01-2169, Doc. 188).**

With regard to Requests 592 and 595, the Court concludes that in general these seek relevant documents under Rule 26. However, the Requests are extremely broad as phrased, and counsel should discuss how to narrow the production requests to lessen the burden on GSK.

With regard to Request 592, the Court will accept the parties' mutual agreement to limit the documents to actual or contemplated submissions within the United Kingdom, Germany, Sweden, the European Commission, and the European Medicines Agency. Further narrowing may be considered as to those documents in which the authors, or their immediate supervisors, are connected to or concerned with GSK's U.S.-based regulatory approval, research,

development, and marketing activities.

With regard to Request 595, a similar limitation would appear to be reasonable. It is unclear from the submissions the extent to which any of the documents that GSK has previously produced are searchable by name, topic, or subject matter. For example, GSK claims that it agreed to produce information relevant to the Request in its "call notes database." Prompt production of this database and further information as to its capacity to be searched by Apotex would be relevant in determining the scope of additional discovery.

Counsel shall discuss these issues in detail prior to the pretrial conference scheduled for May 7, 2009, and, in the absence of agreement, the Court will rule more specifically.

II. **Apotex's Motion to Compel Production of Electronic Version of Privilege Logs - 12/23/08 (99-4304, Doc. 239; 00-4888, Doc. 188; 01-0159, Doc. 184; 01-2169, Doc. 177).**

The Court's tentative conclusion is that GSK should produce such electronic files to the extent that it currently has them in its possession or control. However, to the extent that GSK no longer possesses such files or has not previously created or used such electronic versions, Apotex's request is overly burdensome and would cause GSK undue expense. Counsel for Apotex should consider whether Apotex would be willing to bear all of the costs of GSK creating new electronic privilege logs. Furthermore, before this Court orders GSK to produce such logs, Apotex must explain at the May 7 hearing why it cannot scan the hard copies it now possesses into a searchable database and why such a procedure would be insufficient for discovery purposes.

**III.     Apotex's Motion to Compel Production of Certain Documents from GSK's "FTC Privilege Log" - 12/23/08 (99-4304, Doc. 241; 00-488, Doc. 190; 01-0159, Doc. 186; 01-2169, Doc. 179).**

In this Motion, Apotex seeks to require GSK to produce nine documents that were listed in various formats, over prior periods of the related cases, on a privilege log originally created for an investigation initiated by the FTC. Apotex asserts that GSK is not entitled to protection of these documents under a prior ruling by Judge Surrick, which granted in part a previous Motion to Compel by Apotex and ordered GSK to produce fifty documents. See SmithKlineBeecham Corp. v. Apotex Corp., 232 F.R.D. 467 (E.D. Pa. 2005) (referred to by the parties as the "privilege log ruling"). The documents at issue in the instant Motion to Compel were not at issue in that prior ruling.

Initially, the parties dispute whether Judge Surrick's ruling must be followed by the undersigned and applied to the documents in the present Motion under the "law of the case" doctrine. The Court does not believe that Judge Surrick enunciated any novel or unusual rulings of law, and this Court intends to follow Supreme Court and Third Circuit cases on the issue of privilege and work product. In sum, privileged documents are not discoverable, and a qualified privilege applies to work product documents. Tentatively, the Court is inclined to follow one aspect of Judge Surrick's ruling: Judge Surrick determined that GSK was first notified of Apotex's plans to market generic paroxetine in the United States on May 19, 1998 and thus concluded that work product protection would not apply to any documents prior to that date, as such protection only applies to documents prepared in anticipation of litigation. GSK will have the burden of establishing why the undersigned should not adhere to application of the May 18, 1998 date for the work product analysis at the hearing to take place on May 7, 2009.

3

It appears from the extensive briefing by the parties on this issue that the nine documents at issue contain both privileged and asserted work product material. GSK asserts that the entirety of all nine documents is protected from discovery. Apotex responds that because the documents were not properly logged at the time it filed its Motion, GSK has essentially waived any privilege, and the documents should be produced. Apotex further argues that GSK should not be allowed to amend these logs after Apotex has gone through the costs of filing a Motion to Compel, even if those amendments correct the log's previous inadequacies and would otherwise entitle the listed documents to either privilege or work product protection. The Court is not inclined to find waiver from the mere fact of improper logging of the documents. Apotex's reliance on this Court's decision in Rhoads Industries, Inc. v. Building Materials Corp., 254 F.R.D. 216 (E.D. Pa. 2008), is not on point because that case only considered a complete failure to log certain documents. Apotex will have the burden of showing, as a matter of law, that a party cannot assert its attorney-client privilege by amending a previously insufficient or partially completed privilege log.

The Court believes it will be necessary to inspect these nine documents in camera before ruling on whether they are privileged or protected work product. Therefore, GSK counsel shall bring them to the May 7, 2009 hearing, and the Court will inspect them in camera as part of the hearing or shortly thereafter. GSK counsel is requested to (1) prepare a copy of the documents identifying any portions of the documents previously produced; (2) identify what portions GSK contends are protected by the work product doctrine as opposed to the privilege doctrine; and (3) identify any further portions of the documents that GSK is now willing to produce. The remaining portions of the requested documents may constitute privileged communications to

4

which Apotex is not entitled to production.

### IV. Torpharm's Motion to Compel Documents Re: Requests 576 and 577 - 10/23/06 (01-2169, Doc. 155).

This Motion seeks to compel GSK to produce documents described in Requests 576 and 577. Request 576 asks for all documents relating to four publications identified in the Request, all of which consider Paxil, including, but not limited to, documents concerning compensation paid by GSK to the persons involved in authoring and publishing the publications. Request 577 seeks all documents supporting GSK-funded studies making comparisons between the immediate release version of the drug and the controlled release version vis-a-vis their clinical effects, pharmacokinetics, etc. Part of GSK's objection to these documents related to the fact that they were issued in connection with amended counterclaims that had not yet been allowed at the time the Motion to Compel was served, but which has by now apparently been filed.

Part of GSK's response is that it already produced the requested documents, and obviously to this extent, the Court will not order them to be produced again.

The Court finds that the documents sought in Requests 576 and 577 are in general relevant discovery. The Court notes that the Third Circuit case of Warner-Lambert Co. v. Breathasure, Inc., 204 F.3d 87, 94 (3d Cir. 2000), requires the Court to overrule at least some of GSK's objections. Since over two years have lapsed since the filing of the Motion, the Court will expect counsel to discuss the current status of this discovery and if necessary, either reach agreement on any further discovery, or specify in detail the disputes between the parties that now exist at the pretrial conference scheduled for May 7, 2009.

V.      **Service**

The Clerk shall serve John DesMarais for GSK and Keith Parr for Apotex, and they shall serve all other counsel as necessary.

/s/ Michael M. Baylson<br>
Michael M. Baylson, U.S.D.J.

A:\apotex.memo.5.4.09.wpd